TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

FILED
DISTRICT COURT OF GUAM
JUN 18 2007
MARY L.M. MORAN
CLERK OF COURT
RECEIVED
JUN 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00026 |
| | ) | |
| Plaintiff, | ) | **MOTION IN *LIMINE* TO** |
| | ) | **EXCLUDE TESTIMONY OR,** |
| vs. | ) | **IN THE ALTERNATIVE,** |
| | ) | ***EX PARTE* MOTION FOR** |
| BRIAN ELM, | ) | **APPOINTMENT OF EXPERT** |
| | ) | **WITNESS** |
| Defendant. | ) | |

----------

TO: KARON V. JOHNSON, ESQ., *Assistant U. S. Attorney,* **Office of the United States Attorney**, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

Defendant Brian Elm hereby moves this Court to exclude testimony of U.S. Probation Officer Maria Cruz at trial on the grounds that said testimony is irrelevant. This motion is based on the documents in the Court's file, the oral argument to be presented before the Court, and the below Memorandum of Law.

///

## BACKGROUND

On March 28, 2007, Defendant was charged with Three (3) Counts of False Declaration Before The Court in violation of 18 U.S.C. §1623. More specifically, Defendant is alleged to have made said False Declarations on or about May 15, 2006 while under oath as a witness in a trial before the United States District Court for the territory of Guam. The Government's case rests solely on the issue that at Defendant's Sentencing held before the Honorable John C. Coughenour, Designated District Judge on October 10, 2006, Defendant's trial attorney, Curtis Van de Veld, Esq. moved the Court for an acceptance of responsibility reduction and that by asking for said reduction Defendant allegedly admitted to the underlying conduct and, therefore, made False Declarations to the Court at trial.

On June 7, 2007, Defendant's counsel was informed by Assistant U.S. Attorney Karon Johnson that she intends to call U.S. Probation Officer Maria Cruz as a witness at trial "to explain the significance of acceptance of responsibility to the Guidelines calculations". (*See* Exhibit "A"). Defendant believes Cruz's testimony will be in the capacity as an expert witness. Defendant further believes that Cruz's testimony is irrelevant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION

The Federal Rules of Criminal Procedure ("F.R.C.P") outlines whether evidence is admissible on the grounds of relevance.

Rule 401. Definition of "Relevant Evidence".

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.

> All relevant evidence is admissible, except as otherwise provided by the

Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In the instant case, the Government seeks to introduce at trial U.S. Probation Officer Maria Cruz's testimony to explain the significance of acceptance of responsibility to the U.S. Sentencing Guidelines calculations. This case deals with whether or not the Defendant made False Declarations under oath to the Court at Defendant's Trial on May 15, 2006, and whether Defendant, by asking for acceptance of responsibility and admitting "that he dealt in sufficient quantities of methamphetamine to justify the jury's verdict" constituted the offense of False Declaration Before The Court. Basically, this case deals with whether or not Defendant lied during the course of his trial. What the government intends to introduce is a reason why Defendant may be predisposed to lying. The government through Ms. Cruz will attempt to prejudice or poison the jury by attempting to prove Defendant's possible motivation for committing perjury and shifting the juries attention from the real issue which is whether or not Defendant lied.

Therefore, it is Defendant's position that the testimony of Maria Cruz is irrelevant to the instant case. Cruz's testimony would not only be prejudicial to the Defendant and lacks any probative value. Cruz's testimony would be a waste of time, and would confuse the jury.

## ALTERNATIVE MOTION

If this Court denies Defendant's motion to exclude Cruz's testimony, the Defendant hereby

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

moves this Court to appoint an expert on federal sentencing to rebut Cruz's testimony pursuant to 18 U.S.C. §3006A(a)(1). Defendant believes that a reasonably competent attorney would engage in such services for a client having independent financial means to pay for them. *U.S. v. Fields*, 722 F.2d 549, 551 (9th Cir. 1983). Defendant asserts that if Cruz is allowed to testify, Defendant would not adequately be defended and represented without an expert to rebut Cruz's testimony. Defendant believes that appointment of an expert is necessary to Defendant's defense and is reversible error to deny a Defendant an *ex parte* hearing for a request for appointment of an expert. *U.S. v. Theriault*, 440 F.2d 713 (5th Cir. 1971).

Defendant proposes that the Court appoint a seasoned, well-respected criminal defense attorney within the District to testify for the Defendant as an expert.

***Respectfully submitted*** this 18th day of June, 2007.

TEKER TORRES & TEKER, P.C.

By: /s/ Joseph C. Razzano
JOSEPH C. RAZZANO, ESQ.
Attorneys for Defendant, *Brian Elm*

## CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, hereby certify that a true and exact copy of Defendant Brian Elm's Motion *In Limine* to Exclude Testimony or, in the alternative, *Ex Parte* Motion for Appointment of Expert Witness and supporting Memorandum of Law, was served via hand delivery on June 18, 2007, on Assistant U.S. Attorney, Karon V. Johnson, Esq., Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

DATED at Hagåtña, Guam, on June 18, 2007.

JOSEPH C. RAZZANO

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4