**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÂTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

**FILED**
DISTRICT COURT OF GUAM

JUN 19 2007 ᵐᵇ

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00026 |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S REQUESTED** |
| | ) | **JURY INSTRUCTIONS** |
| BRIAN ELM, | ) | |
| Defendant. | ) | |

----------

In addition to the Government's proposed instructions, Defendant respectfully requests

that the Court instruct the jury on the law as set forth in the jury instructions hereto annexed.

Dated at Hagâtña, Guam, on June 19, 2007.

**TEKER TORRES & TEKER, P.C.**

By _____
     JOSEPH C. RAZZANO, ESQ.
     *Attorneys for Defendant*

# INSTRUCTION NO. 1.

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

### Comment

It is preferable to tell the jury that no inference may be drawn from the fact that defendant failed to testify. *United States v. Castaneda*, 94 F.3d 592, 596 (9th Cir. 1996). The Committee recommends that this instruction be given in every criminal case in which the defendant does not testify unless objected to by the defendant. If the instruction is requested by the defendant, it must be given. *Carter v. Kentucky*, 450 U.S. 288 (1981); *Shults v. Whitley*, 982 F.2d 361 (9th Cir. 1992).

*See* Instruction 3.4 (Defendant's Decision to Testify) concerning the defendant's decision to testify.

Source: ***Ninth Circuit Model Criminal Jury Instructions 3.3***

## INSTRUCTION NO. 2.

## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

### Comment

Language from this instruction was expressly approved in *United States v. Hoac*, 990 F.2d 1099, 1108 n.4 (9th Cir. 1993).

The instruction uses the word "statement" in preference to the more pejorative term, "confession."

The failure specifically to instruct the jury to weigh the statement in the light of its circumstances may be ground for reversal, although not plain error in this circuit. *See United States v. Miller,* 603 F.2d 109 (9th Cir. 1979). *But see United States v. Barry,* 518 F.2d 342, 347–48 (2d Cir. 1975) (concluding that omission was plain error). Although the judge must determine the voluntariness of a confession outside of the presence of the jury in ruling on its admissibility, the jury must still be instructed to weigh the statement with regard to the circumstances in which it was made. *See Jackson v. Denno,* 378 U.S. 368 (1964); 18 U.S.C. § 3501 (Admissibility of Confessions).

Source: ***Ninth Circuit Model Criminal Jury Instructions 4.1***

## INSTRUCTION NO. 3.

### IMPEACHMENT, PRIOR CONVICTION OF DEFENDANT

You have heard evidence that defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crime for which the defendant is now on trial.

### Comment

*See* Fed. R. Evid. 609 (Impeachment by Evidence of Conviction of Crime). The court must give such a limiting instruction if requested by the defendant. Fed. R. Evid. 105 (Limited Admissibility).

If past crimes of the defendant are to be used for another purpose—*e.g.*, to prove an element of an habitual offender charge, or to establish intent—that limited purpose should similarly be identified. *See* Instruction 4.3 (Other Crimes, Wrongs or Acts of Defendant).

Source: *Ninth Circuit Model Criminal Jury Instructions 4.6*

**INSTRUCTION NO. 4.**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Comment**

*See* Fed. R. Evid. 701–05. *See also United States v. Mendoza*, 244 F.3d 1037, 1048 (9th Cir. 2001) (instruction should be given when requested by the defendant).

Source:   ***Ninth Circuit Model Criminal Jury Instructions 4.17***

## INSTRUCTION NO. 5.

### ADVICE OF COUNSEL

As I have explained, one element which the government must prove beyond a reasonable doubt is that defendant had the unlawful intent to [*insert applicable unlawful act*]. Evidence that the defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably relied on that advice in good faith.

### Comment

A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves wilful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908). Advice of counsel is not a separate and distinct defense but rather is a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of intent. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961), *cert. denied*, 370 U.S. 952 (1962). A defendant is entitled to an instruction concerning the advice of counsel if it has some foundation in the evidence. *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). In order to assert advice of counsel, a defendant must have made a full disclosure of all material facts to his or her attorney, received advice as to the specific course of conduct that he or she followed, and relied on the advice in good faith. *Id.*

Source:  *Ninth Circuit Model Criminal Jury Instructions 5.9*

## INSTRUCTION NO. 6.

## FALSE DECLARATION BEFORE GRAND JURY OR COURT
## (18 U.S.C. § 1623)

The defendant is charged in all three Counts of the Indictment with having made a false declaration in violation of Section 1623 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant testified under oath [*e.g.*, before a grand jury];

Second, the testimony was false; and

Third, the defendant knew that the testimony was false and material to [*e.g.*, the matters before the grand jury].

All of you must agree as to which statement was false.

### Comment

*See* Comment following Instructions 8.110 (Perjury) and 8.111 (Subornation of Perjury).

Regarding the final bracketed paragraph, see Instructions 8.110 (Perjury) , 8.111 (Subornation of Perjury) and 7.9 (Specific Issue Unanimity).

Materiality of the false declaration is an element of the offense and therefore an issue for the jury. *Johnson v. United States*, 520 U.S. 461, 465-66 (1997). The government must present evidence from an earlier trial to prove that the statements were material; "simply offering the defendant's statement itself is not enough. *See Untied States v. Leon-Reyes,* 177 F.3d 816, 819 (9th Cir. 1999).

Note that Section 1623 applies only to "any proceeding before or ancillary to any court or grand jury of the United States." An "ancillary proceeding" is "an action conducted by a judicial representative or an action conducted pursuant to explicit statutory or judicial procedures." *United States v. Tibbs,* 600 F.2d 19, 21 (6th Cir.1979). *See also United States v. Krogh*, 366 F. Supp. 1255, 1256 (D.D.C.1973) (sworn deposition was an ancillary proceeding).

Section 1623(c) authorizes a person to be accused of having "made two or more declarations, which are inconsistent to the degree that one of them is necessarily false," and the government is not required to specify which declaration is false.

Source:  **Ninth Circuit Model Criminal Jury Instructions  8.112**