BElm.RML

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUN 2 1 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRIAN ELM,<br><br>    Defendant. | CRIMINAL CASE NO. 07-00026<br><br>**UNITED STATES RESPONSE TO DEFENDANT'S MOTION IN LIMINE AND TO THE PROPOSED REDACTION OF GOVERNMENT'S EXHIBIT 2** |

### I. THE TESTIMONY OF MARIA CRUZ

The defendant objects to the proposed testimony of U.S. Probation Officer Maria Cruz, which will, in part, concern the information attached hereto as Exhibit 4, the chart which the government proposes to introduce at trial. Ms. Cruz will testify that in the course of preparing the presentence report, she attempted to interview the defendant, but he refused to talk to her because he was going to appeal his conviction. She will also testify to what occurred at the sentencing hearing. During the course of her testimony, she will condense the sentencing issue to understandable terms: if defendant admitted that between June, 2004, and June, 2005, he conspired to distribute between 5 and 50 grams of ice, he would be eligible for a substantial reduction in his sentence. Defendant contends that the motive for admitting this criminal conduct at sentencing, after flatly denying it at trial, does not qualify as relevant evidence

-1-

pursuant to Federal Rule of Evidence 401.

Defendant correctly cites FRE 401, that relevant evidence "means evidence having <u>any</u> tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis added.) This is a very liberal standard. In weighing the relevancy of a proffered fact, the Advisory Committee Notes explain that one must look to the "relation between an item of evidence and a matter properly provable in the case." "Whether the relationship exists depends upon principles evolved by experience or science, applied logically to the situation at hand." The Notes also point out that the proffered fact need not be in dispute. "Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding."

This evidence is useful to explain what otherwise is a logical disconnect: why the defendant would adamantly deny at trial that he had any involvement in this drug trafficking ring, assert that he was going to appeal his conviction, then do an about-face and admit at sentencing that he was in fact guilty, an admission which doomed the success of any appeal. The jury is entitled to hear this evidence, which tends to show that the defendant is an opportunist who will manipulate the legal system, without scruple, to gain a desired advantage. He lied at trial to avoid a conviction; he told the truth at sentencing to gain a lower sentence.

In addition, defendant's objection to Ms. Cruz' testimony makes no sense, because he has not objected to the admission of Exhibit 3, the transcript of the sentencing hearing. The real reason for this motion in limine appears to be, to prevent a live witness testifying about what occurred at sentencing, thereby making the presentation of the government's case even more boring than anticipated.

## II. THE REDACTION OF PAGES 45-48 OF EXHIBIT 2

Defendant also proposes to redact pages 45-48 of defendant's trial testimony. The government objects to this redaction, which consists of the last half of his testimony about events which lead to his conviction, as reflected in Trial Exhibit 31, for felon in possession of a firearm, and his testimony about the ownership of certain motorcycles, despite having almost no income.

Defendant admitted lying to the arresting officer about not knowing that ice and a firearm was in his backpack. In response to the logical question that followed this admission, i.e., that he lied to avoid a criminal charge, he responded "I don't know." This testimony was relevant to defendant's state of mind while he was on the witness stand. He has not cited any rule which would require that this portion of the transcript be suppressed.

Respectfully submitted this 21st day of June, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *Karon V. Johnson*
KARON V. JOHNSON
Assistant U.S. Attorney

-3-

# SENTENCING GUIDELINES

**LEVEL 28:** 110-137 months

-2 for acceptance of responsibility

**LEVEL 26:** 92-115 months


Exhibit 4