TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

FILED
DISTRICT COURT OF GUAM
JUN 21 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00026 |
| Plaintiff, | |
| vs. | **REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* AND TO THE PROPOSED REDACTION OF GOVERNMENT'S EXHIBIT "2"** |
| BRIAN ELM, | |
| Defendant. | |

----------

### I. TESTIMONY OF MARIA CRUZ.

The testimony of Maria Cruz is clearly irrelevant under Federal Rule of Evidence ("FRE") 401 and/or far more prejudicial than probative under FRE 403. Ms. Cruz intends to testify that had Defendant admitted that between June 2004 and June 2005 he conspired to distribute between five (5) and fifty (50) grams of ice he would be eligible for a substantial reduction in his sentence. The Government's position is that Mr. Elm refused to speak with the probation officer because he intended to appeal his conviction. At the time of the proposed interview, Mr. Elm did intend to appeal his conviction but later, upon the advice of counsel, Curtis Van de Veld, Esq., who will

testify in this case, determined that he preferred not to appeal. Nevertheless, whether or not Mr. Elm intended to appeal his conviction or accept acceptance of responsibility is of no consequence to this case. Mr. Elm's testimony during his original money laundering trial are the indicted false declarations and his comments to Mrs. Cruz or statements at sentencing are not relevant to this case.

In addition, Mr. Elm's statements of acceptance of responsibility at sentencing had to do with the sole convicted counts. Mr. Elm's testimony during trial, the indicted statements, go directly to the indictment period. Had the Government indicted the lesser included offenses it is very possible that Mr. Elm may have plead guilty to those charges. However, the Government refused to indict those charges, stood by their original indictment of "over fifty grams" and, therefore, Mr. Elm's statements at trial are true.

Finally, the Government contends that Mr. Elm lied at trial to avoid conviction but told the truth at sentencing to gain a lower sentence period. They have to take that position because Mr. Elm's statements during the sentencing hearing are not sworn testimony, it is not made under oath and, therefore, falls outside the possible indicted conduct. The flip side could also be true that Mr. Elm told the truth at trial and then lied at sentencing in order to gain a lower sentence. Therefore, Mrs. Cruz's testimony is clearly irrelevant under Rule 401 and 403 and she should not be permitted to testify at trial.

## II. DEFENDANT'S EXHIBIT 2.

The United States refuses to stipulate to the proposed redaction of the Defendant because the United States wants nothing more than to show the jury that Mr. Elm has lied in the past and therefore he lied at trial. The statements made to the police officer in Tumon or the Internal Revenue Service has nothing to do with the trial at hand. What the Ms. Johnson is requesting is

that she be allowed to put on non-relevant, prejudicial evidence in order to gain a conviction based on passed and prior conduct of Mr. Elm as opposed to trying her indicted case. Thus, the United States intends to put Mr. Elm's character on trial as opposed to the facts, as indicted.

Therefore, Mr. Elm now urges the Court to redact pages 45 through 48 under FRE 401, 402, 403 and 404(b). As Ms. Johnson is well aware, Rule 404(b) clearly states that evidence of "other crimes, wrongs, or acts is not admissible to prove the character of the person in order to show action in conformity therewith." In addition, "prosecution in a criminal case shall provide reasonable notice in advance of trial or during trial if the court excuses pretrial notice on good cause shown of the general nature of any such evidence it intends to introduce at trial. *See* FRE 404(b).

Finally, the evidence of statements made to a police officer several years ago or the Internal Revenue Service several years ago is not relevant to the declarations, as indicted, and, if in fact are relevant, are clearly more prejudicial than probative as the Government seeks nothing more than to persuade and poison the jury with Mr. Elm's past wrongs or conduct.

### III. EXPERT WITNESS.

The Government makes no objection to Mr. Elm being appointed an expert witness so at a minimum Mr. Elm requests the Court grant that portion of this Motion.

///
///
///
///
///
///

## IV. CONCLUSION.

In conclusion, Mr. Elm requests that the testimony his Motion *In Limine* be granted and that the testimony of Maria Cruz not be allowed to be presented before the jury and that the Government's Exhibit "2" be redacted to remove pages 45 through 48 of the trial transcript.

*Respectfully submitted* this 21st day of June, 2007.

                        **TEKER TORRES & TEKER, P.C.**

By _____[signature]_____
JOSEPH C. RAZZANO, ESQ.
*Attorneys for Defendant*