TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

FILED
DISTRICT COURT OF GUAM
JUN 26 2007
MARY L.M. MORAN
CLERK OF COURT

UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00026 |
| Plaintiff, | ) | |
| vs. | ) | **MOTION FOR DISCLOSURE OF GRAND JURY TRANSCRIPT UNDER FED. R. CRIM. P. 6(e)(3)(E)(ii).** |
| BRIAN ELM, | ) | |
| Defendant. | ) | |

----------

**NOW COMES** Brian Elm, by and through his attorneys of record, Teker Torres & Teker, P.C., by and through counsel, Joseph C. Razzano, and requests the Court to disclose the Grand Jury Transcript which secured the Indictment filed by the United States on March 28, 2007.

## BACKGROUND

As the court is well aware, during the hearing on Mr. Elm's Motion *in Limine*, the United States stated unequivocally that the law in Ninth Circuit allowed the Unite States to put on an inconsistent declarations case under 18 U.S.C 1623(c). The United States assertion is wrong under *U.S. v. Jaramillo*, 69 F.3d 388, and because of the United States' misunderstanding of the law and their intention to proceed on an incorrect theory of law, it is more likely than not that the United

States also misinterpreted the law at the Grand Jury stage of the proceedings and instructed the Grand Jury as to the wrong law. Therefore under Fed. R. Crim. P. 6(e)(3)(E)(ii), the Defendant now requests the Court authorize disclosure of the Grand Jury transcript because a solid "ground exists to dismiss the indictment because of a matter that occurred before the Grand Jury." In the event that the United States put on an inconsistent declarations presentation at the Grand Jury stage, the Grand Jury was misinformed as to the state of the law. This misinformation and failure to properly instruct the Grand Jury at the indictment stage goes to the very heart and integrity of the Grand Jury Proceeding. The Indictment, if it is revealed was obtained by a misinterpretation or misrepresentation as to the state of law, must be dismissed because the Grand Jury would not have issued a true bill and Defendant would be subject to trial without the benefit of a true and pure Grand Jury Review.

In conclusion, Mr. Elm requests that the Grand Jury Transcripts be disclosed so that an independent review by his counsel can be made and objections can be heard as to the validity of the Grand Jury Proceeding in light of the United States admission that they misunderstood the law in the Ninth Circuit. As the court is well aware, nothing goes to the heart of the American Legal System as the integrity of the Grand Jury. In this case, it is the integrity of the very Grand Jury Proceeding that is at issue. Therefore, Defendant respectfully requests the Grand Jury Transcript be made available for inspection and review to determine that a true bill was returned.

Respectfully submitted this 26th day of June, 2007.

**TEKER TORRES & TEKER, P.C.**

By: /s/ Joseph C. Razzano
**JOSEPH C. RAZZANO, ESQ.**
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, hereby certify that a true and exact copy of Defendant Brian Elm's Motion for Disclosure of Grand Jury Transcript Under Fed. R. Crim. P. 6(e)(3)(E)(ii), was served via hand delivery on June 26, 2007, on Assistant U.S. Attorney, Karon V. Johnson, Esq., Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

DATED at Hagåtña, Guam, on June 26, 2007.

/s/ JOSEPH C. RAZZANO

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE