TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*

FILED
DISTRICT COURT OF GUAM
JUN 26 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00026 |
|---|---|
| Plaintiff, | DEFENDANT'S MOTION TO DISMISS INDICTMENT UNDER 18 U.S.C. § 1623(c), OR, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO REDACT ENTIRE SENTENCING TRANSCRIPT; MOTION TO DISMISS INDICTMENT BASED ON *BRONZTON v. U.S.* IN THAT DEFENDANT'S ANSWERS WERE BELIEVED TO BE TRUE AND/OR DEFENDANT'S ANSWERS WERE FUNDAMENTALLY AMBIGUOUS |
| vs. | |
| BRIAN ELM, | |
| Defendant. | |

TO: Karon V. Johnson, Esq., Assistant U. S. Attorney, Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

Defendant, BRIAN ELM, hereby moves the Court to dismiss the Indictment or, in the alternative, to redact the entire sentencing transcript. This motion is based on the documents in the Court's file, the oral argument to be presented before the Court, and the below Memorandum of Law.

///

ORIGINAL

## I.

## FACTUAL BACKGROUND

On March 28, 2007, the United States of America filed an Indictment alleging three counts of false declaration before the Court. In the Indictment, the government alleges that Mr. Elm testified falsely during trial and did so under oath knowing and believing his statement to be false. The Indictment for Counts II and III are essentially the same boilerplate language. The entire Indictment is devoid of any assertion of inconsistent statements under oath and, thus, the Defendant had no notice that the government sought a lesser burden of proof at trial. In fact, had Defendant not brought the most recent motion, the government would have attempted to go to trial on an unindicted claim.

On June 25, 2007, the United States Government, during its argument on Mr. Elm's Motion *In Limine* to prohibit the testimony of Maria Cruz or, in the alternative, request for an expert witness for the first time, stated to the Court that her burden of proof and the theory of the United States' case was based on 18 U.S.C. § 1623(c). In making that statement, the United States asserted that it need not prove the falsity of Defendant's statement, nor prove that the Defendant's statements at sentencing were in fact true. She stated that the government intends to rely on the lesser burden of proof provided by 18 U.S.C. § 1623(c). Unfortunately for the government, its assertion of the law in the Ninth Circuit, as well as its burden of proof, is fatally flawed and one must assume that the statements to the grand jury were consistent with the misstatements of the law before the Court.

## II.

### THE LAW IN THE NINTH CIRCUIT REGARDING THE "INCONSISTENT DECLARATIONS" THEORY.

Under 18 U.S.C. § 1623(a), the government must prove the falsehood of a declaration beyond a reasonable doubt in order to obtain a conviction. In contrast, the "inconsistent declarations"

subsection provided that

> a defendant may be convicted of making a false declaration if he or she has made two irreconcilable contradictory declarations such that one of them is necessarily false. 18 U.S.C. § 1623(c).

In that situation, it is not necessary for the government to prove which of the two contradictory declarations is false. *See Id.*

To take advantage of § 1623(c)'s lesser requirement of proof, the government must demonstrate, that both contradictory declarations are within the scope of 18 U.S.C. § 1623(c).

The language of § 1623(a) differs from the language of § 1623(c) in that the former expressly covers statements made under oath "or in any declaration, certificate, verification, or statement under penalty of perjury as permitted under [28 U.S.C. § 1746]," whereas § 1623(c) specifically covers only those declarations made under oath. In *U.S. v. Jaramillo*, 69 F.3d 388 (9th Cir. 1995), Mr. Jaramillo testified at trial under oath. In addition, Mr. Jaramillo made a statement to federal agents in the form of a declaration and, at the time of the declaration, was told by federal agents that he could not lie and that the declaration was made under penalty of perjury.

The issue in *Jaramillo* was whether statements made "in any declaration, certificate, verification, or statement under penalty of perjury" as permitted under 28 U.S.C. § 1746, but not under oath, are covered by § 1623(c)." The Ninth Circuit in *Jaramillo* recognized that "when Congress includes a specific term in one section of a statute but omits it in another section of the same Act, it should not be implied where it is excluded." *See Jaramillo* at 391; *Arizona Elect. Power Coop v. U.S.*, 816 F.2d 1366, 1375 (9th Cir.1987); *see also West Coast Trucklines, Inc. v. Arcada Cmty. Recycling Center*, 845 F.2d 1239, 1244 (9th Cir. 1988), *cert. denied*, 488 U.S. 856 (1988). The *Jaramillo* court applied this principle of statutory construction to § 1623(a) and § 1623(c) and determined that both inconsistent declarations must be made "under oath" to be within

the scope of § 1623(c). The Court in *Jaramillo* reasoned that the primary indication of Congress' intent is the language of the statute. *See U.S. v. Aguilar*, 21 F.3d 1475, 1480 (9th Cir. 1994), *aff'd in part, rev'd in part on other grounds*, 515 U.S. 593 (1995). The court in *Jaramillo* went on to say that "had Congress intended the "under oath" requirement of subsections (a) and (c) to be identical in scope, it could have added the alternative specified in § 1623(a) to § 1623(c).

The policy consideration espoused by the *Jaramillo* court is plain. The court believes that the lesser standard of proof suggests that Congress intended, in amending the "under oath" requirement in subsection (a) and not in subsection (c), to retain in the latter subsection the safeguard requiring that a person give two contradictory statements under oath.

Because § 1623(c) specifically uses only the language "under oath," the *Jaramillo* court held that 18 U.S.C. § 1623(c) means what it says, namely, that § 1623(c) applies <u>only when both of the contradictory statements were made "under oath."</u>

In our case, the evidence may show irreconcilable contradictions between Mr. Elm's testimony at his trial and his statement "yes, your honor," during his sentencing hearing. Elm does not dispute that he testified under oath at trial. The issue is whether his statement at sentencing was also given under oath.

The record at sentencing is completely devoid of any evidence whatsoever showing that Mr. Elm was under oath. Had Mr. Elm been placed under oath, it would be reflected in the sentencing transcript and it is not. There is no evidence that an oath was ever administered. Furthermore, nothing in the statements made at sentencing indicate that they were made under oath or that Mr. Elm was sworn.

In conclusion, the Court should dismiss the current Indictment, finding that Mr. Elm's sentencing hearing was conducted without an oath and the United States' Indictment and the

consequences thereof were misrepresented to the Court. Consequently, the government must prove that Mr Elm's statements at trial were patently false and that his statements at sentencing were true. A double burden. The government's theory as espoused during the June 25, 2007 hearing that it did not have the burden of proof to prove the statements were false is patently incorrect and inconsistent with Ninth Circuit law.

### III.

**DEFENDANT'S INDICTMENT MUST BE DISMISSED BECAUSE IT FAILS TO SATISFY THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT AND FEDERAL RULE OF CRIMINAL PROCEDURE 7.**

Mr. Elm's Indictment must be dismissed on all three Counts because the Indictment itself fails to provide due process in the form of notice. To satisfy the requirements of due process clause of the Fifth Amendment and Federal Rule of Criminal Procedure 7, "an indictment must state all the elements of the offense charged, inform the defendant of the nature of the charge so that he may prepare a defense, and enable a defendant to plead the judgment as a bar to any later prosecution for the same offense." *U.S. v. Ocampo*, 890 F.2d. 1363, 1373 (7th Cir. 1989). For the very first time, less than twenty-four (24) hours ago, Mr. Elm was informed what specifically the government intended to prove, and in fact, indicted Mr. Elm under 18 U.S.C. § 1623(c). Mr. Elm's Indictment fails to allege that "the defendant, under oath, has knowingly made two or more declarations, which are inconsistent to the degree that one of them is necessarily false, that each declaration was material to the point in question, and that each declaration was made within the period of the statute of limitations." *See* 18 U.S.C. § 1623(c)(1) and (2). These inconsistent declarations would need to be noticed under a proper § 1623(c) Indictment, and the government has failed to do so. Therefore, the Indictment must be dismissed as the United States has admitted during Defendant's Motion *In Limine* that it misunderstood the law and did not research the law, and one must believe, failed to

instruct the grand jury properly as to a perjury indictment.

IV.

### REQUEST FOR A *BRONZTON* INSTRUCTION UNDER *BRONZTON v. U.S.*, 409 U.S. 352 (1973) – UNRESPONSIVE AND AMBIGUOUS ANSWERS

A literally true answer is not perjurious even if it is unresponsive and misleading. In *Bronzton*, the defendant was asked "do you have any bank accounts in Swiss banks? Answer.: No. Question.:Have you ever? Answer.: The company had an account there for about six months." At the time the defendant did not have a Swiss account, but the company did. However, the defendant previously had a Swiss bank account. The court held that while the answer was unresponsive and contained negative implication, the statute only applies to statements he did not believe to be true. If a witness evades an answer, it is the questioner's job to recognize it and follow up.

In our case, Mr Elm's answer that he did not plead guilty because he was not guilty is merely a declaration. Mr. Elm's statements to the question posed by the government "because I am not involved" and "I just, I didn't have anything to do with this" is merely a declaration that the government had to prove each element of the crime with which he was charged beyond a reasonable doubt, and that in his opinion, the government would be unable to prove each element beyond a reasonable doubt. As it turns out, he was right because the jury acquitted him of the money laundering charges and convicted him of a conspiracy charge under the amount of methamphetamine charged in the Indictment; meaning that the jury found that as to one element charged in the Indictment returned by the grand jury, i.e., the amount of methamphetamine charged in the Indictment, he was not guilty.

///

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

Case 1:07-cr-00026   Document 35   Filed 06/26/2007   Page 6 of 10

## V.

## AMBIGUOUSLY POSED QUESTIONS

Portions of the trial transcript regarding Mr. Elm's testimony should be redacted *in toto*.[1] Because a majority of the questions posed are either fundamentally ambiguous because the question does not have a meaning about which men of ordinary intelligence could agree, nor one which could be used with mutual understanding by a questioner and answer, unless defined at the time it was sought and offered as testimony. *See U.S. v. Farmer*, 137 F.3d 1265, 1269 (10th Cir. 1998); *U.S. v. Lighte*, 782 F.2d 367, 375 (2nd Cir. 1986). *See also U.S. v. Lattimor*, 127 F.Supp 405, 412-13 (D.C. 1955) (dismissing a perjury indictment founded upon a negative answer to ambiguous question asking the defendant whether he was a "follower of the Communist line." Mr. Elm's answers that "he was not involved; and had nothing to do with this" was similar to the "follower of the Communist line" question. Asking the witness why he had not pled guilty is just asking a witness for an opinion of his guilt or innocense of the offense charged and is not a fact based question, which asks him to omit or deny certain objective facts. In his opinion, he was not guilty because the government could not prove its case. It was not a fact based question and is not inconsistent with his answer at the sentencing. Therefore, the Court should redact the portions of Mr. Elm's testimony in Count II of the Indictment as the questions are not inconsistent as a matter of law. As a matter of law, believing in one's innocense and ultimate vindication by a jury of one's peers, because the government cannot prove its case, is not inconsistent with Mr. Elm's statement at sentencing.

///

///

---

[1] Mr. Elm will also address in greater detail additional potions of the trial transcript in another more detailed brief to be filed shortly.

## VI.

## CONCLUSION

In conclusion, the government's statements during Mr. Elm's Motion *In Limine* makes it clear to the Court that the government did not understand the Indictment brought before the grand jury and, more than likely, materially misled the grand jury by incorrectly instructing it as to the law. The government stated that it need not prove the heavy burden that Mr. Elm's statements were false at trial, but that they are merely inconsistent with his statements at sentencing. After reviewing the Ninth Circuit law directly on point, the Court has no choice but to dismiss the Indictment or conduct a review of the grand jury transcript in order to determine whether a true bill was secured. In the alternative, the Court must redact the entire sentencing transcript of Mr. Elm until evidence can brought forth to prove that Mr. Elm's statements at sentencing were in fact true. No evidence of any kind has been offered to the Court, nor any witness on the government's witness list can testify as to same. Absent evidence that Mr. Elm's statements at sentencing are true, the statements at sentencing cannot be brought forth as evidence as there is no proof that these statements were made "under oath." If not made under oath, competent evidence must be brought forth to convince the jury that Mr. Elm's statements at sentencing were true. This burden cannot be satisfied by the United States and thus, its case cannot go forward. The Court must, at minimum, if it allows the sentencing transcript to be introduced, to explain unequivocally to the jury that no evidence has been provided by the government as to whether his statements during sentencing were true or false and, of course, allow the Defendant to argue that it is reasonable to believe that Defendant may have lied at sentencing.

///

///

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

-8-

Case 1:07-cr-00026   Document 35   Filed 06/26/2007   Page 8 of 10

As the government's case is now exposed to the Court as being fatally flawed, coupled with the danger that the grand jury was materially misrepresented as to the state of the law, and the clear violation of the Fifth Amendment due process clause as to the state of the Indictment, this case must be dismissed. Dismissal of this case is the only way to ensure that a true bill can be secured under § 1623(a).

Respectfully submitted this 26th day of June, 2007.

**TEKER TORRES & TEKER, P.C.**

By: _____
JOSEPH C. RAZZANO, ESQ.
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, hereby certify that a true and exact copy of Defendant Brian Elm's Motion To Dismiss Indictment and Notice of Motion, was served, via hand delivery, on June 26, 2007, on Assistant U.S. Attorney, Karon V. Johnson, Esq., Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

DATED at Hagåtña, Guam, on June 26, 2007.

*/s/ Joseph C. Razzano*
JOSEPH C. RAZZANO