**TEKER TORRES & TEKER, P.C.**
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
 *Brian Elm*

**FILED**
DISTRICT COURT OF GUAM
JUN 2 9 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00026 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MOTION *IN LIMINE* TO EXCLUDE** |
| | ) | **EVIDENCE OF ACQUITTED** |
| BRIAN ELM, | ) | **CONDUCT** |
| | ) | |
| Defendant. | ) | |

----------

TO:  Karon V. Johnson, Esq., Assistant U. S. Attorney, Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

Defendant Brian Elm hereby moves this Court to exclude evidence of acquitted conduct on the grounds that said testimony is not relevant and is prejudicial. This motion is based on the documents in the Court's file, the oral argument to be presented before the Court, and the below Memorandum of Law.

## BACKGROUND

On March 28, 2007, Defendant was charged with Three (3) Counts of False Declaration

Before The Court in violation of 18 U.S.C. §1623. More specifically, Defendant is alleged to have made said False Declarations on or about May 15, 2006 while under oath as a witness in a trial before the United States District Court for the territory of Guam. The Government's case rests solely on the issue that at Defendant's Sentencing held before the Honorable John C. Coughenour, Designated District Judge on October 10, 2006, Defendant's trial attorney, Curtis Van de Veld, Esq. moved the Court for an acceptance of responsibility reduction and that by asking for said reduction Defendant allegedly admitted to the underlying conduct and, therefore, made False Declarations to the Court at trial.

In the instant matter the Government is seeking to convict Mr. Elm of False Declaration Before the Court for statements he made during the prior trial. In the prior proceeding, the Government filed a Third Superseding Indictment[1] charging Defendant with the following counts:

*Count 1 - Conspiracy to Distribute Methamphetamine Hydrochloride*

*Count 3 - Money Laundering Conspiracy*

*Counts 8-19 - Money Laundering*

On May 18, 2006, after a week of deliberations, the jury acquitted Defendant of 13 Counts contained in the Indictment and convicted him only of Count 1, Conspiracy to Distribute Methamphetamine Hydrochloride.

On October 11, 2006, Defendant was sentenced to 84 months in prison.

On March 28, 2007, the Government filed an Indictment charging Defendant with three counts of False Declaration Before the Court. Count I involves the following statement made by Defendant during the prior trial:

---

[1] Please see Third Superseding Indictment in Criminal Case No. 05-00053 attached hereto as Exhibit "A" and incorporated herein by reference.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

*Q. Have you ever received packages in the mail from Jonathan Canovas that contained controlled substances in them?*

*A. No.*

Count II involves the following statements:

*Q. Now, you are charged in this case; why haven't you pleaded guilty?*

*A. Because I'm not involved.*

*Q. What do you mean by you're not involved?*

*A. I just - I didn't have anything to do with this.*

Count III involves the following statement:

*Q. Now Mr. Aponik has said that shortly before you went to jail that you introduced him to Mr. Cruz and put them together so that they could continue this drug operation; is that true?*

*A. That's not true.*

The following elements must be proven to obtain a conviction for False Declaration Before the Court:

    1. The Defendant testified under oath

    2. The testimony was false

    3. The Defendant knew that the testimony was false and material to the matters before the Court

Defendant's counsel was informed by Assistant U.S. Attorney Karon Johnson that she intends to have Mr. Elm's testimony from the prior trial read into the record and that a DEA agent, who was not present during the prior trial, is going to provide the Court and the jury a history of the charges involved in that matter and provide a summation of the testimony given at the trial.

## I.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION

The Federal Rules of Evidence ("FRE") outlines whether evidence is admissible on the grounds of relevance.

Rule 401. Definition of "Relevant Evidence".

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Based upon a thorough reading of the Indictment in the instant matter, it appears that the Government's theory of the case rests on the notion that since Defendant was convicted of Conspiracy to Distribute Methamphetamine then these statements made during trial must be false. Essentially, the Government is attempting to use the prior conviction to prove an element of the crime charged.

Defendant is not disputing that the statements identified in the Indictment were made under oath. What Defendant is disputing is that the statements made were false.

The Third Superseding Indictment (the previous trial indictment) contained 14 Counts. Upon review of the alleged false statements, it is difficult, if not impossible, to determine in what context the statements were made or which count of the Indictment Ms. Johnson was referring to when questioning Defendant on cross-examination. The questions posed by Ms. Johnson are vague and ambiguous at best. They do not tend prove or disprove the truthfulness of anything. The conviction for Conspiracy does not prove that Defendant did receive a package from Jonathon Canovas. In fact the conspiracy count alleges that Mr. Elm and Christopher Espinosa engaged in a conspiracy. Mr. Canovas' name never even appears in the Third Superseding Indictment. There is no evidence that the jury relied upon that statement in reaching their verdict. Just because Defendant was convicted of Conspiracy to Distribute Methamphetamine does not mean that he indeed received a package from Mr. Canovas and lied to court about it during the trial. Further, Defendants answer that he did not plead guilty because he was not involved is merely a declaration that the government had to prove each element of each crime charged beyond a reasonable doubt. It was his opinion and not a fact based question. The fact that Defendant was acquitted of 13 charges and only convicted of a lesser included offense of Count I, actually proves that the statement he made was true, not false. Again, the conviction for Conspiracy does not prove that Defendant introduced Mr. Aponik to Mr. Cruz, thereby rendering the statement false. It is faulty logic to assume that because he was convicted of Conspiracy to Distribute Methamphetamine that he introduced these two people or that he was lying when he said he was not involved and did not plead guilty when he is being charged with 14 counts in an indictment.

Moreover, there is no evidence introduced in the instant matter indicating what evidence the jury relied upon in reaching its verdict on Count I. To state that the conviction of the count of conspiracy tends to prove the truthfulness of these statements is without merit and is completely

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891 4

baseless.

## II.

## IN THE INTEREST OF JUSTICE ALL EVIDENCE OF ACQUITTED CONDUCT MUST BE EXCLUDED

Since the Government does not have any evidence to prove their case, they are attempting to introduce testimony from the first trial in an attempt to prove the crimes charged in the instant matter.

Defendant contends that testimony from the first trial is not relevant, not probative and will only serve to prejudice the Defendant in the eyes of the jury. Fairness and justice require the exclusion of evidence regarding any and all of the acquitted charges. The Government should be prohibited from being able to use this information to prove the current charges. Further, testimony regarding the investigation performed and the evidence introduced at the first trial is not direct evidence to support the charge of False Declaration. If the Government is allowed to have its DEA agent tell the jury his interpretation of the history of this case as well as provide a summary of the testimony given at trial, the Defendant will be severely prejudiced. In addition to the crime for which Defendant was convicted, the testimony given during the first trial involved the distribution of methamphetamine and money laundering charges. Specifically, the Government is seeking to allow the jury to hear a voluminous amount of testimony related to the sale of drugs, using drugs, purchasing automobiles and making bank deposits with money the Government contended was drug money. How is this testimony related to current charges? It is not. The only purpose the introduction of this evidence will serve is to prejudice the Defendant. The prejudice he will suffer substantially outweighs the probative value of this evidence.

Recently, it has come to light, that the DEA agent scheduled to testify on behalf of the

Government is not the same DEA agent who testified at the first trial. It is Mr. Elm's understanding that the agent will simply be reading testimony into the record, providing a summation of testimony and will present a history of the case to the jury. The agent has no personal knowledge of the matters he will be testifying about and instead will be relying on his interpretation derived from reading the testimony of witnesses as well as his interpretation of the investigation performed. Allowing testimony in this trial, which is an interpretation of testimony from the first trial, is essentially presenting new evidence and attempting to re-try defendant for crimes for which he has already been acquitted. To allow this testimony and evidence to be presented to the jury in this case, will only serve to poison the credibility and character of Mr. Elm. It is clearly not relevant or probative.

Mr. Elm is seeking to exclude the following evidence of acquitted conduct in general:

1. Any and all testimony and documentary evidence introduced to support Count 2 Possession with Intent to Distribute Methamphetamine Hydrochloride.

2. Any and all testimony and documentary evidence introduced to support Count 3 Money Laundering Conspiracy.

3. Any and all testimony and documentary evidence introduced to support Counts 8 to 19 Money Laundering.

In addition, Mr. Elm is seeking to exclude the following specific portions of his trial testimony in criminal case number 05-00053.

1. Page 35, lines 9-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

2. Page 36, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

3. Page 38, lines 18-25 of the Transcript of Proceedings - Defendant's Trial Testimony,

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

dated Monday, May 15, 2006.

    4. Page 39, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    5. Page 40, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    6. Page 42, lines 10-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    7. Page 43, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    8. Page 44, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    9. Page 45, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.[2]

    10. Page 46, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    11. Page 47, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    12. Page 48, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

    13. Page 49, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

---

[2] The Court's previous ruling on Monday, June 25, 2007, excluded page 45 line 10-25 and page 46 lines 1-5.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

14. Page 50, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

15. Page 51, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

16. Page 52, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

17. Page 53, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

18. Page 54, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

19. Page 55, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

20. Page 56, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

21. Page 57, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

22. Page 58, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

23. Page 59, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

24. Page 60, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, dated Monday, May 15, 2006.

25. Page 61, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony,

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

| | |
|---|---|
| 1 | dated Monday, May 15, 2006. |
| 2 | 26. Page 62, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 3 | dated Monday, May 15, 2006. |
| 4 | 27. Page 63, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 5 | dated Monday, May 15, 2006. |
| 6 | 28. Page 64, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 7 | dated Monday, May 15, 2006. |
| 8 | 29. Page 65, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 9 | dated Monday, May 15, 2006. |
| 10 | 30. Page 66, lines 1-15; lines 21-25 of the Transcript of Proceedings - Defendant's Trial |
| 11 | Testimony, dated Monday, May 15, 2006. |
| 12 | 31. Page 67, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 13 | dated Monday, May 15, 2006. |
| 14 | 32. Page 68, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 15 | dated Monday, May 15, 2006. |
| 16 | 33. Page 69, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 17 | dated Monday, May 15, 2006. |
| 18 | 34. Page 70, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 19 | dated Monday, May 15, 2006. |
| 20 | 35. Page 71, lines 1-25 of the Transcript of Proceedings - Defendant's Trial Testimony, |
| 21 | dated Monday, May 15, 2006. |
| 22 | /// |
| 23 | /// |

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

36. The entire Transcript of Proceedings - Sentencing Hearing, dated Tuesday, October 10, 2006.[3]

If the Court permits the Government to introduce any of the above referenced testimony and documentary evidence, Defendant will be forced to once again defend himself for conduct that a jury of his peers already judged him not guilty. At the first trial, the Government failed to meet its burden of proof and did not prevail on the majority of the crimes charged. It is obvious that the United States is not satisfied with the results of the first trial and are attempting to further punish and seek revenge against Mr. Elm for exercising his constitutional right to a jury trial. Essentially, the Government is attempting to force the Defendant to defend again against the charges for which he has already been acquitted. Since they are seeking to punish defendant for crimes he has been acquitted of and for crimes which he has already been punished, they are coming dangerously close to rasing double jeopardy issues and violating Defendants Fifth Amendment rights.

### III.

### CONCLUSION

For the reasons set forth herein, Defendant requests that the Court exclude all evidence of acquitted conduct. If the Court allows the Government to introduce the testimony and evidence

///

///

///

///

---

[3] Is the subject of a separate motion filed by Mr. Elm on June 26, 2007 entitled Defendants Motion to Dismiss Indictment under 18 U.S.C. 1623 (c) or in the Alternative Motion *In Limine* to Redact Entire Sentencing Transcript; Motion to Dismiss Indictment Based on *Bronzton v. U.S.* In that Defendant's Answers were Believed to Be True and/or Defendant's Answers were Fundamentally Ambiguous

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

identified above, the jury will be prejudiced against Defendant and he will be precluded from receiving a fair trial. The danger of unfair prejudice is substantially outweighed by any remote probative value the evidence may have.

Dated this 29[h] day of June, 2007.

TEKER TORRES & TEKER, P.C.

By: _____
JOSEPH C. RAZZANO, ESQ.
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, hereby certify that a true and exact copy of Defendant Brian Elm's Motion *In Limine* to Exclude Evidence of Acquitted Conduct was served, via hand delivery, on June 29, 2007, on Assistant U.S. Attorney, Karon V. Johnson, Esq., Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

DATED at Hagåtña, Guam, on June 29, 2007.

_____
JOSEPH C. RAZZANO

# Exhibit A

LEONARDO M. RAPADAS
United States Attorney
RUSSELL C. STODDARD
First Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 05-00053 |
| Plaintiff, | **THIRD SUPERSEDING INDICTMENT** <br><br> **CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE** <br> [21 U.S.C. §§ 841(a)(1),(b)(1)(A)(viii), and 846] <br> (COUNT 1) <br><br> **POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE** <br> [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 18 U.S.C.§ 2] <br> (COUNT 2) |
| vs. | |
| CHRISTOPHER M. ESPINOSA, and BRIAN WILLIAM ELM, | **MONEY LAUNDERING CONSPIRACY** <br> [18 U.S.C. §§ 1956(h)] <br> (COUNT 3) |
| Defendants. | **MONEY LAUNDERING** <br> [18 U.S.C. §§ 1956(a)(1)(A)(i) and 2] <br> (COUNTS 4 thru 19) |

THE GRAND JURY CHARGES:

COUNT 1 - CONSPIRACY TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

Beginning at a time unknown, but at least in or about the month of June, 2004 through on or about June 18, 2005, in the District of Guam and elsewhere, the defendants, CHRISTOPHER M. ESPINOSA and BRIAN WILLIAM ELM, and other persons known and unknown to the grand jury, did unlawfully, intentionally, and knowingly combine, conspire, confederate and

VAN DE VELD SHIMIZU CANTO & FISHER
ATTORNEYS AT LAW

-1-

agree together and with others, to distribute over 50 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), and 846.

## COUNT 2 - POSSESSION WITH INTENT TO DISTRIBUTE METHAMPHETAMINE HYDROCHLORIDE

On or about June 18, 2005, in the District of Guam, the defendant herein, CHRISTOPHER M. ESPINOSA, and other persons known to the grand jury, did unlawfully and knowingly possess with intent to distribute over 50 grams of methamphetamine hydrochloride, a schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii), and Title 18, United States Code Section 2.

## COUNT 3 - MONEY LAUNDERING CONSPIRACY

Beginning in about June, 2004 and continuing thereafter to in about June 18, 2005, more exact dates being unknown to the Grand Jury, in the District of Guam, the defendants CHRISTOPHER M. ESPINOSA and BRIAN WILLIAM ELM, together with others known and unknown to the Grand Jury, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, did knowingly and intentionally combine, conspire, confederate and agree together and with each other to conduct such financial transactions affecting interstate and foreign commerce, which transactions in fact involved the proceeds of a specified unlawful activity, namely, possession with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United States Code, Section 841, and conspiracy to possess with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United States Code, Section 846; with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

-2-

## COUNTS 4 TO 7 - MONEY LAUNDERING

On or about the dates listed below in the District of Guam and elsewhere, CHRISTOPHER M. ESPINOSA and others known to the Grand Jury, with the intent to promote the carrying on of specified unlawful activity, that is, possession with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United States Code, Section 841 and conspiracy to possess with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United States Code, Section 846, did knowingly conduct and attempt to conduct the following financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, possession with intent to distribute methamphetamine hydrochloride, a violation of Title 21, United States Code, Section 841 and that while conducting and attempting to conduct the financial transactions as described below, CHRISTOPHER M. ESPINOSA knew that the property involved in the financial transactions represented some form of specified unlawful activity:

| Count | Date | Transaction Description | From | To | Amount |
|---|---|---|---|---|---|
| 4 | 04/12/05 | Transfer of Funds | Bank of Hawaii Account # 6038-056330 | Bank of America, Account # 004971268812 | $7,925.00 |
| 5 | 04/20/05 | Transfer of Funds | Bank of Hawaii Account # 6038-056330 | Bank of America, Account # 004971268812 | $7,925.00 |
| 6 | 06/03/05 | Wire Transfer | Western Union | Christopher M. Espinosa | $921.00 |
| 7 | 06/09/05 | Wire Transfer | Western Union | Christopher M. Espinosa | $3,816.00 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

## COUNTS 8 TO 19 - MONEY LAUNDERING

On or about the dates listed below in the District of Guam and elsewhere, BRIAN WILLIAM ELM and others known to the Grand Jury, with the intent to promote the carrying on

-3-

1  of specified unlawful activity, that is, possession with intent to distribute methamphetamine
2  hydrochloride, in violation of Title 21, United States Code, Section 841 and conspiracy to
3  possess with intent to distribute methamphetamine hydrochloride, in violation of Title 21, United
4  States Code, Section 846, did knowingly conduct and attempt to conduct the following financial
5  transactions affecting interstate and foreign commerce, which involved the proceeds of a
6  specified unlawful activity, that is, possession with intent to distribute methamphetamine
7  hydrochloride, a violation of Title 21, United States Code, Section 841 and that while conducting
8  and attempting to conduct the financial transactions as described below, BRIAN WILLIAM ELM
9  \\
10 \\
11 \\
12 \\
13 \\
14 \\
15 \\
16 \\
17 \\
18 \\
19 \\
20 \\
21 \\
22 \\
23 \\
24 \\
25 \\
26 \\
27
28

-4-

knew that the property involved in the financial transactions represented some form of specified unlawful activity:

| Count | Date | Transaction Description | Amount | Financial Institution | Account Number |
|---|---|---|---|---|---|
| 8 | 10/13/04 | Deposit | $1,000.00 | Bank of Guam | 202214688 |
| 9 | 11/06/04 | Deposit | $800.00 | Bank of Guam | 202214688 |
| 10 | 11/08/04 | Deposit | $800.00 | Bank of Guam | 202214688 |
| 11 | 11/19/04 | Deposit | $1,600.00 | Bank of Guam | 202214688 |
| 12 | 11/26/04 | Deposit | $800.00 | Bank of Guam | 202214688 |
| 13 | 12/23/04 | Deposit | $800.00 | Bank of Guam | 202214688 |
| 14 | 01/03/05 | Deposit | $2,950.00 | Bank of Guam | 202214688 |
| 15 | 01/18/05 | Deposit | $1,000.00 | Bank of Guam | 202214688 |
| 16 | 02/03/05 | Deposit | $1,000.00 | Bank of Guam | 202214688 |
| 17 | 02/04/05 | Deposit | $1,000.00 | Bank of Guam | 202214688 |
| 18 | 02/18/05 | Deposit | $1,900.00 | Bank of Guam | 202214688 |
| 19 | 02/25/05 | Deposit | $2,000.00 | Bank of Guam | 202214688 |

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 2.

Dated this 1st day of March, 2006.

A TRUE BILL.

Original Signed by

DORIS RIVERA
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By:
RUSSELL C. STODDARD
First Assistant U.S. Attorney

-5-