TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4
FACSIMILE: (671) 472-2601

*Attorneys for Defendant*
*Brian W. Elm*

FILED
DISTRICT COURT OF GUAM
AUG - 3 2007
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

----------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 07-00026 |
| | ) | |
| Plaintiff, | ) | **REPLY TO PLAINTIFF'S** |
| | ) | **RESPONSE TO DEFENDANT'S** |
| vs. | ) | **MOTION TO DISMISS INDICTMENT** |
| | ) | **OR, IN THE ALTERNATIVE,** |
| BRIAN ELM, | ) | **MOTION IN LIMINE** |
| | ) | |
| Defendant. | ) | |

----------

I.

**GOVERNMENT'S RETRACTION OF INTENTION TO PURSUE THE LESSER BURDEN OF PROOF UNDER 18 U.S.C. §1623(c)**

On June 25, 2007, a hearing was held on Defendant's Motion in Limine to redact portions of Mr. Elm's trial testimony, to deny the testimony of Maria Cruz and for appointment of an expert witness, under Federal Rules of Evidence Rules 401, 402 and 403. Almost immediately the Court inquired of defense counsel "what if he told the truth at trial but perhaps gave false information at sentencing?" *See* Transcript of Proceedings before the Honorable France M. Tydingco-Gatewood,

Chief Judge, Motion in Limine Hearing, Monday, June 25, 2007, attached as Exhibit "A" to the Government's Opposition Brief at page 14, lines 12 through 14 (hereinafter referred to as the "Transcript"). Defense counsel, responding to the Court's question, indicated that the Government not only had to prove that the testimony at trial was a lie, but that it had the additional burden to prove that Defendant's testimony at sentencing was true. *See* Transcript at page 4, lines 16 through 20. *See also* page 4, line 25 through page 5, line 5. In addition, defense counsel explained that the Government was attempting, by and through the testimony of Maria Cruz, that in fact the Defendant made two inconsistent statements and that that is somehow relevant.[1]

The Government, in its Opposition, argues that on page 40, lines 8 through 20 of the Transcript, the Government claims that – they have admitted that this is a "home grown" perjury on the witness stand trial. However, the statement is as confusing in the Transcript as it was during the hearing. As the Court will note from the Transcript, defense counsel stated that the Government had to prove that not only did Mr. Elm lie at trial, but that he told the truth before Judge Cougenhaur Nevertheless, the Government takes the position that they will not be, and they are now barred from pursuing an inconsistent statements theory at trial and have, in essence, accepted the double burden of proof. The Court will recall that it requested the Government to provide the sections of the United States Code which dealt with the inconsistent statements discussed by the Government, as the Court was equally confused with the Government's argument. *See* Transcript, page 40, line 21 through page 41, line 13. Defense counsel clarifies the issue once again for the Court on page 50, lines 10 through page 52, line 3. *See also*, page 53, lines 12 through 14.

Based on the Government's assertion that it will not rely on the inconsistent testimony

---

[1] The Court will note that it has already ruled that Maria Cruz will not be allowed to testify as to her pre-sentence investigation of the Defendant and that her testimony will be limited to an expert capacity regarding the Sentencing Guidelines, specifically, the Acceptance of Responsibility portion of said Guidelines.

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4

theory, this case must be dismissed. The Government attempts to draw a conclusion that the statement at sentencing is simply once piece of evidence against the Defendant. The Government attempts to provide an example of a person admitting to his friend that he had committed a bank robbery, after swearing at trial he had not. "The friend's testimony would be relevant in a subsequent perjury trial." *See* Government's Response to Defendant's Motion to Dismiss Indictment or Motion In Limine at page 2, line 23 through 24. However, what the Government fails to realize is that the "friend's testimony would be put on through a live witness upon which credibility could be determined by the trier of fact. In this case, the Government intends to admit a transcript of a sentencing proceeding *not* made under oath and, in fact, attempts to force the Defendant to testify against himself in violation of the Fifth Amendment. Therefore, Defendant's statements at sentencing should not be permitted at trial *unless* the Government can establish that Defendant's statements at sentencing were in fact true.

## II.

### DISMISSAL OF INDICTMENT BASED UPON BRONSTON.

Defendant submits that under ***Bronston v. U.S.***, 409 U.S. 352, 93 S.Ct. 595, the questions posed to the Defendant were ambiguous and that his answers were literally true. The Government, in essence, acknowledges that the questions are ambiguous during oral argument on June 25, 2007. The Government states that "the jury is going to be asked to decide one of two things: whether his trial testimony was a denial of any drug dealing, or whether it was a denial of only more than fifty (50) grams of the drug dealing." *See* Transcript at page 20, lines 17 through 22. Continuing, the Government states that "a denial of any drug dealing, or was it a denial of more than fifty (50) grams of drug dealing. And that is where Ms. Cruz's testimony is necessary..." The Government, in essence, realizes that under ***Bronston*** it is difficult to determine what question was asked as the

question was not posed specifically with respect to the Indictment. In addition, with respect to the indicted responses during trial – It is difficult to determine whether those questions go to the convicted counts or whether those questions address the money laundering counts for which the Defendant was found not guilty. In essence, if in fact the questions were directed towards the money laundering counts, then the questions are ambiguous and the Government would be unable to survive a motion under Federal Rules of Criminal Procedure 29 ("FRCP"). In addition, Defendant will point out that the questions being asked by the Government indicated members of the conspiracy not convicted. In other words, the questions mention Jonathan Canovas and Eric Aponik. The Court will note that in the Third Superceding Indictment, in Count One, the Indictment states as follows:

> Beginning at a time unknown, but at least in or about the month of June, 2004 through on or about June 18, 2005, in the District of Guam and elsewhere, the Defendants, Christopher M. Espinosa and Brian William Elm, and other persons known and unknown to the Grand Jury, did unlawfully, intentionally and knowingly combined, conspired, confederate and agreed together and with others, to distribute over fifty (50) grams of methamphetamine hydrochloride, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(8i) and 846.

Similarly in Count II, Christopher M. Espinosa is the identified Co-Defendant. Therefore, when the Government claims that the questions are not ambiguous and clearly understood, they don't make clear to the Defendant who, other than Christopher Espinosa, is involved in the "conspiracy." Therefore, questions regarding Erik Aponik, Jonathan Canovas or any other members of the conspiracy are irrelevant. The Government failed to ask the Defendant who else was involved in the conspiracy. The Government failed to ask how the conspiracy was conducted. The Government basically asks an open-ended broad question, not indicating any Count of the Indictment, or even referring to the Indictment, and asks Defendant why he did not plead guilty. Thus, based on ***Bronston***, the Indictment should be dismissed or, in the alternative, an instruction should be given that Mr. Elm's statement is nothing more than a declaration that the Government had to prove each

element of the crime with which he was charged beyond a reasonable doubt, and that in his opinion, the Government would be unable to prove each element beyond a reasonable doubt. Asking a witness why he had not pled guilty is just asking a witness for an opinion of his guilt or innocense of the offense changed, and is not a fact-based question, which asks him to admit or deny certain objective facts. In Mr. Elm's opinion, he is not guilty because the Government could not prove its case. Had the Government construed their questions more succinctly and asked fact-based questions, then the statements at sentencing may have merit. Nevertheless, under ***U.S. v. Lattimor***, 127 F.Supp 405, 412-13 (D.C. 1955), solid grounds exist for dismissing a perjury indictment founded upon a negative answer to an ambiguous question. Therefore, the current Indictment must be dismissed.

The Government's next argument focuses on the five (5) to fifty (50) gram quantity. The Government makes the point that the amount of drugs do not constitute an element of the charge. This argument is consistent with the ***Bronston*** ruling in that the Government's questions at trial were clearly ambiguous. Did the Government ask Mr Elm if he understood the elements of the offenses charged? Did the Government explain to Mr Elm the elements of the offenses charged? No. The Government simply asked Mr. Elm whether or not he was guilty, without specifying a count, without specifying the Indictment, without specifying the amount of drugs and, in fact, never asked a fact-based question throughout the entire indicted colloquy. In the event that this case goes forward on the current Indictment, the Government would need to prove that Mr. Elm understood each and every element of the offense as charged. Once again, this would be impossible and would never survive a FRCP Rule 29 motion.

///

///

## III.

## CONCLUSION

In conclusion, the Government's Indictment should be dismissed based on the ambiguous questions and answers indicted. Alternatively, in the event the Court finds the Indictment to survive, the Court should issue an order ruling that the Government must prove that Defendant's statements, as sentencing, were true, and craft an instruction regarding same. In the event that the Court accepts the Government's admission and orders the Government not be allowed to put on inconsistent statements at trial, the Defendant's Motion for the Grand Jury Transcript is moot.

Respectfully submitted this 3rd day of August, 2007.

**TEKER TORRES & TEKER, P.C.**

By _____
JOSEPH C. RAZZANO, ESQ.
*Attorneys for Defendant*

JCR:cs
PLDGS:ELM, BRIAN:015

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE: (671) 477-9891-4

# CERTIFICATE OF SERVICE

I, JOSEPH C. RAZZANO, ESQ., hereby declares as follows:

1. I am over the age of majority and am competent to testify regarding the matters stated herein.

2. I hereby certify that on August 3, 2007, a true and exact copy of the foregoing document was served, via hand delivery, on Karon V. Johnson, Esq., Assistant U. S. Attorney, Office of the United States Attorney, 108 Hernan Cortez Avenue, Suite 500, Hagåtña, Guam 96910.

Dated this 3rd day of August, 2007.

TEKER TORRES & TEKER, P.C.

By _____
JOSEPH C. RAZZANO, ESQ.
Attorneys for Defendant, *Brian W. Elm*

TEKER TORRES & TEKER, P.C.
SUITE 2A, 130 ASPINALL AVENUE
HAGÅTÑA, GUAM 96910
TELEPHONE (671) 477-9891-4