brianelm.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America



FILED
DISTRICT COURT OF GUAM
JAN 15 2008
JEANNE G. QUINATA
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 07-00026 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| BRIAN WILLIAM ELM, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(C), the United States and the defendant, BRIAN WILLIAM ELM, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to Count II of an Indictment charging him with False Declaration Before the Court, in violation of Title 18, United States Code, Section 1623(a). The government will move to dismiss Counts I and III upon sentencing.

2(a) The defendant, BRIAN WILLIAM ELM, understands that the <u>maximum</u> sentence for False Declaration Before the Court, in violation of 18 U.S.C. § 1623(a), is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that

- 1 -

if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

2(b) If defendant pleads guilty, the government will recommend that defendant receive a term of incarceration within the sentencing guidelines, to run concurrently with the term of incarceration he is now serving on Cr. No. 05-00053. If said sentence is longer than the term of incarceration the defendant is now serving on 05-00053, defendant may withdraw his guilty plea. In addition, the government and defendant further agree that this Plea Agreement is conditional in nature. In other words, if defendant is successful with his appeal of Criminal Case No. 05-00053 (Appeal Case No. 06-10641), defendant may withdraw his plea and proceed to trial if he wishes. Further, the government and defendant agree that this Plea Agreement and any documentation relating to said plea or plea agreement (e.g. judgment, transcript, etc.) shall not be used, made a part of, or otherwise referred to (orally or otherwise) by the government in the above referenced appeal, or any post conviction collateral attack of said conviction.

2(c) The government will not recommend a fine.

2(d) The government agrees that if the sentencing court does not agree to sentence him as provided in Section 2(b), he will be allowed to withdraw his guilty plea and go to trial.

3. The defendant understands that to establish a violation of False Declaration Before the Court as charged pursuant to 18 U.S.C. § 1623(a), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant testified under oath in a matter before the District Court of Guam;
>
> Second: the testimony was false;
>
> Third: the testimony was material to the matter before the District Court of Guam; and
>
> Fourth: the defendant knew that the testimony was false and material to the matter before the District Court of Guam.

4. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2,

-2-

in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

    (a) The defendant was born in 1975, and is a citizen of the United States.

    (b) On May 9, 2006, a jury was empaneled to try defendant on a third superseding indictment, <u>United States v. Brian William Elm</u>, Cr. No. 05-00053, in the District of Guam. Count I charged the defendant, Christopher M. Espinosa, and others, with Conspiracy to Distribute over 50 grams of methamphetamine hydrochloride (ice). On May 18, 2006, the jury returned a verdict of guilty as to Count I, with a special finding that defendant had conspired to distribute at least five(5) but less than 50 grams of ice. It was material to the issue of defendant's guilt whether, beginning in October, 2004, his brother-in-law Eric Aponik had been distributing ice which they were receiving from Jonathan Canovas in Las Vegas. The ice was being shipped to Guam by Canovas, who placed it in envelopes addressed to Aponik's post office box. On May 15, 2006, defendant took the witness stand in his own defense, and was sworn to tell the truth. At that time and place, defendant testified that he did not have anything to do with the conspiracy for which he was being tried. He testified that, prior to going to jail in March 2006, on a probation revocation, he had not introduced John Cruz to Aponik so that the conspiracy could continue. These statements, as defendant well knew, were false and material to the issue whether he was guilty of the offense charged.

    (c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

    5. In exchange for the Government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction.

RECEIVED JAN 10 2008 CUNLIFFE & COOK

6. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant understands that he may withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government and his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//
//
//

-4-

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 1/11/08

/s/ BRIAN WILLIAM ELM
Defendant

DATED: 1/11/08

/s/ F. RANDALL CUNLIFFE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 1/11/08    By: /s/ KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 1/11/08

/s/ JEFFREY J. STRAND
First Assistant U.S. Attorney